# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1430V
UNPUBLISHED

| | |
|---|---|
| SANDRA ANZALONE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 3, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Joseph J. Manna*, Lipsitz, Green, et al., Buffalo, NY, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 22, 2020, Sandra Anzalone filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On October 22, 2020, Sandra Anzalone filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition for SIRVA, after receiving the influenza vaccine on October 25, 2017. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 23, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On June 2, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,140.00, representing compensation in the amounts of $95,000.00 for her pain and suffering and $140.00 for her unreimbursed medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,140.00, representing compensation in the amounts of $95,000.00 for her pain and suffering and $140.00 for her unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SANDRA ANZALONE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 20-1430V<br>Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 22, 2020, Sandra Anzalone ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to –34, as amended ("Vaccine Act" or "Act"). Petitioner alleged that she suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 25, 2017. Petition at 1-2.

On May 19, 2022, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be awarded. Resp.'s Rept. at 1 (ECF No. 30). On May 23, 2022, this Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 31.

### I.     Items of Compensation

Respondent proffers that petitioner should be awarded **$95,140.00**, consisting of $95,000.00 for pain and suffering and $140.00 in unreimbursed medical expenses. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C.

§ 300aa-15(a).[1]  Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of **$95,140.00**, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Sandra Anzalone.

## III.  Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Sandra Anzalone:              **$95,140.00.**

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] In a status update provided with the Rule 4(c) report, respondent noted that petitioner was confirming whether there was a Medicaid lien relating to treatment for petitioner's injury. Resp.'s Rept. at 6-7.  By email dated May 31, 2022, petitioner's counsel confirmed there is no such lien.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

                                              *s/ Jennifer A. Shah*
                                              Jennifer A. Shah
                                              Trial Attorney
                                              Torts Branch, Civil Division
                                              U.S. Department of Justice
                                              P.O. Box 146
                                              Benjamin Franklin Station
                                              Washington, D.C.  20044-0146
                                              Tel:  (202) 305-2181
                                              Jennifer.shah@usdoj.gov

Dated:  June 2, 2022